Robert W. Rayne v. David Taylor.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## ROBERT W. RAYNE v. DAVID TAYLOR.

In the assessment of damages, in cases of offences, quasi-offences and quasi-contracts, much discretion must be left to the Court or jury.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Singleton & Clack*, for plaintiff. *Randall Hunt, A. N. Ogden*, and *Durant & Hornor*, for defendant and appellant.

JONES, J. This is a libel suit. The defence was a justification of the truth of the facts, alleged in the petition to be libellous. Upon the trial, before a jury, the plaintiff obtained a verdict against the defendant for $11,820 01 ; which verdict, upon appeal, was set aside by this Court, upon the ground that the lower Court refused to instruct the jury : " that, if the jury found, from the evidence, that the facts stated by the defendant in his answer were substantially true, there can be no verdict of damages against him." Upon a second trial before a jury, after the cause was remanded, the defendant had the full benefit of this instruction; but, nevertheless, the jury again rendered a verdict against him for $7,500, from which this appeal was taken. C. C. Art. 1928 declares that, "in the assessment of damages, * * * in cases of offences, quasi-offences and quasi-contracts, *much discretion must be left to the Court or jury.*"

In the exercise of a sound legal discretion, we would be authorized to reduce the damages of a jury when excessive ; but the facts of this case do not warrant our interference in this respect.

Judgment is therefore affirmed, with costs.